UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

RICHARD BASFORD                         :     Case No. _____
2712 Pineview Drive                     :     J. _____
Villa Hills, KY 41017                   :
                                        :
                        Plaintiff,      :
                                        :
              v.                        :
                                        :
TELEFLEX MEDICAL                        :     **COMPLAINT WITH JURY**
2917 Weck Drive                         :     **DEMAND ENDORSED HEREON**
Durham, NC 27709                        :
                                        :
                                        :
                        Defendant.      :

Plaintiff Richard Basford, complaining of Defendant Teleflex Medical, alleges as

follows:

### PARTIES

1.      Plaintiff Richard Basford is a citizen and resident of the Commonwealth of Kentucky.

2.      Defendant Teleflex is headquartered in the state of North Carolina and does  business

in Kentucky.

3.      Defendant is an employer within the meaning of federal and Kentucky state law.

### JURISDICTION AND VENUE

4.      This Court has personal jurisdiction over Defendant because Defendant transacts

business in this division and district.

5.      This court has jurisdiction to hear this case pursuant to 28 U.S.C. §1331 because it

arises under the laws of the United States.  Specifically, Plaintiff's Count I arises under the Age

Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 *et seq.,* Count III arises under the

Americans with Disability Act ("ADA"), 42 U. S. C. §12101 *et seq.,* and Count V arises under

the Family and Medical Leave Act ('FMLA"), 29 U.S.C §2601, *et seq.*

6.      This Court has jurisdiction to hear Plaintiff's remaining Counts II, IV, and V arising under common and statutory law pursuant to 28 U.S.C. §1367 because the claims arise out of facts and circumstances so related to Counts I, III, V, and VI as to form part of the same case or controversy.

7.      This Court also has jurisdiction over all Counts in this case based on diversity of citizenship, 28 U.S.C. § 1332, because the action is between citizens of different states and the amount of controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

8.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 and 29 U.S.C. §1132(e)(2) because Plaintiff was employed in this division and district and the conduct giving rise to Plaintiff's claims occurred within this division and district.

9.      Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on or about March 6, 2012.

10.      The EEOC issued a Notice of Right to Sue to Plaintiff on or about July 2, 2012.

**FACTUAL ALLEGATIONS**

11.      Plaintiff was born in 1951 and is a 61-year old individual with an actual, perceived, or recorded disability.

12.      Plaintiff was employed by Defendant from February 11, 2007 until he was terminated on or about December 8, 2011.

13.      At all times relevant to this complaint, Plaintiff was a loyal and dedicated employee.

14.      Plaintiff was promoted at the end of 2010 from Territory Sales Consultant to Senior Respiratory Sales Specialist.

15.      Plaintiff maintains over 20-years experience in the field of respiratory and anesthesia medical supply sales.  At all times Plaintiff was qualified for his position.

2

16.     Plaintiff proved to be an excellent Sales Specialist for Defendant, receiving multiple awards including the 2010 Executive Club Award, 2010 Sales Achievement Award, and 2010 Product Champion Award.

17.     Plaintiff consistently exceeded Defendant's expectation and received very positive performance reviews.  In 2010, Plaintiff had the highest sales in the country for humidification products.

18.     On or about April 6, 2011, Plaintiff suffered a heart attack and was forced to exercise approximately three months of FMLA leave.

19.     Despite being unable to work during his FMLA leave, Plaintiff still finished 2011 ranked 19 of 36 in annual sales and achieving 95% of his original quota.

20.     Plaintiff was terminated on or about December 8, 2011.

21.     In a termination letter from Defendant to Plaintiff, Defendant claimed Plaintiff's position was eliminated as a result of a restructuring of the Anesthesia and Respiratory Sales organization.

22.     Plaintiff's termination enabled Defendant to retain and/or hire younger, non-disabled, less qualified employees, including Plaintiff's replacement who had been with the Company for less than 1 year.  Ten of the fourteen sales employees selected for termination were in the protected age class.

## COUNT I

### (Age Discrimination - ADEA)

23.     Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

24.     Plaintiff was over the age of 40 and qualified for his position at all relevant times.

25.     Defendant terminated Plaintiff's employment because of his age in violation of the ADEA.

26.     Plaintiff's termination enabled Defendant to retain and/or hire substantially younger employees and/or employees not within the protected class.

27.     Defendant's actions were intentional, willful, wanton, and malicious in nature.

28.     As a direct and proximate result of Defendant's unlawful discriminatory conduct, Plaintiff has been damaged and is entitled to judgment against Defendant in violation of ADEA for all damages resulting from its unlawful discriminatory conduct.

## COUNT II

**(Age Discrimination - K.R.S. § 344.040)**

29.     Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

30.     Plaintiff was over the age of 40 and qualified for his position at all relevant times.

31.     Defendant terminated Plaintiff's employment because of his age in violation of Kentucky law.

32.     Plaintiff's termination enabled Defendant to retain and/or hire substantially younger employees and/or employees not within the protected class.

33.     Defendant's conduct constitutes unlawful, willful and malicious age discrimination in violation of Plaintiff's rights under Kentucky law.

34.     As a direct and proximate result of Defendant's unlawful discriminatory conduct, Plaintiff has been damaged and is entitled to judgment.

## COUNT III

**(Disability Discrimination - ADA)**

35.     Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

36.     Plaintiff is qualified individual with a disability, is perceived as disabled, and/or has a  record of a disability as defined by the ADA, 42 U. S. C. §12101 *et seq.*

37.     Plaintiff could perform the essential functions of his position with or without

4

reasonable accommodation.

38.     Defendant's intentionally, willfully, and wantonly discriminated against Plaintiff because of his disability, perception of disability, and/or record of disability in violation of the ADA.

39.     Defendant's acts in discriminating against Plaintiff were on account of his disability, perception of disability, and/or record of disability, real or perceived.

40.     As a direct and proximate result of Defendant' conduct, Plaintiff has been damaged and is entitled to compensation pursuant to the ADA.

## COUNT IV

### (Disability Discrimination - K.R.S. § 344.010 *et seq.*)

41.     Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

42.     Plaintiff is qualified individual with a disability, is perceived as disabled, and/or has a  record of a disability, as defined by K.R.S. § 344.010 *et seq.*

43.     Plaintiff could perform the essential functions of his position with or without reasonable accommodation.

44.     Defendant's intentionally, willfully, and wantonly discriminated against Plaintiff because of his disability, perception of disability, and/or record of disability in violation of the K.R.S. §344.010.

45.     Defendant's acts in discriminating against Plaintiff were on account of his disability, perception of disability, and/or record of disability, real or perceived.

46.     As a direct and proximate result of Defendant' conduct, Plaintiff has been damaged and is entitled to compensation pursuant to K.R.S. §344.010.

## COUNT V

### (FMLA Retaliation and Interference)

5

47.  Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

48.  Plaintiff suffered from serious medical conditions as defined by the FMLA.

49.  Plaintiff exercised his FMLA rights by taking a medical leave of absence.

50.  Defendant terminated Plaintiff's employment because he exercised his right to FMLA leave and/or Defendant believed that Plaintiff would exercise his FMLA rights in the future.

51.  Defendant's treatment of Plaintiff during his employment and termination of Plaintiff for exercising his FMLA protected rights were in violation of 29 U.S.C. §2615 (a)(2).

52.  Defendant's actions were willful, wanton, malicious, and/or in reckless disregard of Plaintiff's rights.

53.  As a direct and proximate result of Defendant's intentional, willful and wanton unlawful discriminatory conduct, Plaintiff has been damaged and is entitled to judgment for all damages caused by Defendant's misconduct.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a)  That Defendant be enjoined from further unlawful conduct as described in the Complaint;

(b)  That Plaintiff be reinstated to his employment;

(c)  That Plaintiff be awarded all lost pay and benefits;

(d)  That Plaintiff be awarded compensatory damages, including emotional distress;

(e)  That Plaintiff be awarded punitive damages;

(f)  That Plaintiff be awarded liquidated damages;

(g)  That Plaintiff be awarded pre-judgment interest;

(h)  That Plaintiff be awarded reasonable attorneys' fees and costs; and

6

(I)     That Plaintiff be awarded all other legal and equitable relief to which he

may be entitled.

Respectfully submitted,

/s/*Randolph H. Freking*
Randolph H. Freking (KY-23509)
George M. Reul, Jr. (Ohio Bar # 0069992)
Trial Attorneys for Plaintiff
FREKING & BETZ, LLC
525 Vine Street, Sixth Floor
Cincinnati, OH  45202
Phone:  (513) 721-1975/Fax:  (513) 651-2570
*randy@frekingandbetz.com*
*greul@frekingandbetz.com*

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

/s/*Randolph H. Freking*

7